IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PETER NAPOLEON BARBEAU**,

    Plaintiff,

v.                                                                                          No. Civ.  12-0085 JP/WDS

**STATE OF NEW MEXICO**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On January 26, 2012, pro se Plaintiff Peter Napoleon Barbeau filed an *Application to Proceed in District Court without Prepaying Fees of Costs* ("Motion to Proceed  IFP") (Doc. 2). The Court has a concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e).  "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

A claim may be dismissed *sua sponte* as frivolous under § 1915(e)(2) if it "lacks even an arguable basis in law."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  Frivolous claims that may be dismissed *sua sponte* include those "based on an indisputably meritless legal theory," as when "defendants are immune from suit"  *Id.* at 327.  Section 1915(e)(2) "rationally advances the

legitimate goal of removing meritless cases from the federal dockets by allowing the courts to review *sua sponte* claims that are particularly likely to lack merit, since indigent litigants have less financial incentive than do paying litigants to screen their potential claims." *Curley v. Perry*, 246 F.3d 1278, 1285 (10th Cir. 2001).

The Court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party" at any stage in the litigation. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). As discussed below, the Court concludes that Barbeau's Motion to Proceed IFP should be denied, and this case should be dismissed, because this Court does not have subject-matter jurisdiction over Barbeau's purported cause of action. The Court also concludes that, even if it were to construe Barbeau's Notice of Removal as a complaint brought under § 1983, it must be dismissed because the State of New Mexico and its courts are immune from suit in federal court.

**I.      Subject-matter jurisdiction.**

Instead of filing a complaint, Barbeau has filed a *Notice of Removal of Action by Plaintiff Pursuant to 28 U.S.C. § 1331, for the Presence of Questions Pertaining to Fundamental Rights* (Notice of Removal) (Doc. 1). This Notice of Removal purports to remove to this Court Barbeau's divorce case and apparently on-going child-custody proceedings from a state court located in Taos, New Mexico. *See id*. at 1. Barbeau did not, however, attach a copy of the purportedly-removed state-court proceedings or show that he is a defendant in that suit with a right to removal, as required by 28 U.S.C. §§ 1446(a) and 1441(b). The removal statute provides for removal of an action only when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law. 28 U.S.C. § 1441(b).

> [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action [in state court] shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States. . . . As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.

*Beneficial Nat'l Bank v. Anderson.*, 539 U.S. 1, 6 (2003) (citations and internal quotation marks omitted). Divorce and custody proceedings are not founded on federal rights. Instead, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States. . . . ." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (internal quotation marks omitted).

Although Barbeau makes arguments with respect to 28 U.S.C. § 1331, and cites federal statutory and constitutional law, it is highly unlikely that federal causes of action are contained in the original complaint for divorce and custody filed in state court, and they may not be asserted here through an attempt to remove the action, as opposed to the filing of a separate case. Barbeau's *Notice of Removal* is frivolous because it is based on an "indisputably meritless legal theory," *Neitzke*, 490 U.S. at 327, and amendment of his Notice of Removal would be futile. Because Barbeau's attempt at removal is void, this case must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, Barbeau also is not entitled to proceed IFP and his Motion to Proceed IFP must be denied. *See Lister*, 408 F.3d at 1312.

**II.     Failure to state a claim.**

Embedded within Barbeau's Notice of Removal are statements that he is also bringing a claim under 28 U.S.C. § 1983 against the State of New Mexico and its courts. *See* Doc. 1 at 1, ¶1; *id.* at 2, ¶5. Barbeau insists that he is neither requesting a child-custody decision from this Court,

nor requesting that state-court judgments be "overturned, altered or modified in any way." Doc. 1 at 2, ¶5. But in his Notice of Removal, Barbeau clearly asks the Court to get involved in his custody and visitation disputes and to rule that unnamed statutes that the state-courts have applied are unconstitutional. *See id.* ¶6. Barbeau also contends that the State and its courts have failed and refused to enforce the 2003 custody orders, "effectively obliterating [his] relationship with his minor son," *id.* at 5, ¶¶19-21. He asks this Court to issue an order for declaratory or mandamus relief requiring the State and its courts to "enforce visitation," *id.* at 7, ¶¶29-30. Barbeau is, therefore, requesting a custody decision that this Court is precluded from issuing. *See Ankenbrandt*, 504 U.S. at 703-04 (noting that "[i]ssuance of [custody] decrees . . . not infrequently involves retention of jurisdiction by the court and deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.").

Further, neither a State nor its courts are "persons" for purposes of § 1983, nor are they proper party defendants. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995) (noting that "a state court is not a 'person' under § 1983"), *abrogated in part by statute as discussed in Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011). Thus, "§ 1983 creates no remedy against a State." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Barbeau's allegations against the State and its courts do not state a claim against a person under § 1983.

Finally, the Court may not overturn or rule contrary to final state-court rulings regarding the state court's enforcement orders, denials of motions, or denials of petitions for mandamus. The *Rooker-Feldman* doctrine prevents federal district courts from assuming jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Guttman v. Khalsa*, 446 F .3d 1027, 1032 (10th Cir. 2006) (noting that the *Rooker-Feldman* doctrine applies only to "suits filed after state proceedings are final" and setting out what events may indicate such finality).

And, to the extent that Barbeau may be

> seeking relief in the nature of mandamus, ordering Defendants to take action in their capacities as state judges, "[w]e have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties." *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986) (internal quotation marks omitted); *see Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992) ("Federal courts have no authority to issue a writ of mandamus to a state judge.").

*Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011).

**IT IS ORDERED** that:

1. Barbeau's Motion to Proceed IFP (Doc. 2) is denied; and

2. This case is dismissed without prejudice for lack of subject-matter jurisdiction.

_____
SENIOR UNITED STATES DISTRICT JUDGE

5